IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY § <br> INSURANCE COMPANY AS § <br> AS SUBROGEE OF DIANE ROBERTS § <br> § <br> Plaintiff § <br> § <br> vs. § <br> § <br> UNITED STATES POSTAL SERVICE § <br> Defendant § | Civil Action No. 5:17-cv-00008 |

**PLAINTIFFS ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AS SUBROGEE OF DIANE ROBERTS** hereinafter referred to as "Plaintiff," or "Allstate" complaining of the UNITED STATES POSTAL SERVICE hereinafter referred to as "Defendant" and for cause of action would respectfully show the Court as follows:

**A. SUMMARY OF THE CASE**

1.  This is an action to recover monetary damages, as well as all other appropriate relief, as a result of the negligent actions of Defendant UNITED STATES POSTAL SERVICE's postal employee hereinafter collectively referred to as (Defendant).

2.  Defendant, UNITED STATES POSTAL SERVICE, owned or had constructive possession of a postal delivery vehicle driven by its postal employee at the 2800 block of Taged Lane, in New Braunfels, Callahan County, Texas, on March 18, 2015. Based on information, the postal employee driver was in the course and scope of his employment with Defendant at the time the incident made the basis of this lawsuit occurred.

3. On or about March 18, 2015, Defendant's employee caused an automobile accident involving Plaintiff's insured's vehicle while in the course and scope of his employment with Defendant causing unreimbursed property damages to Plaintiff's insured's vehicle.

## B. PARTIES

4. Plaintiff **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AS SUBROGEE OF DIANE ROBERTS,** hereinafter referred to as "Plaintiff" or "Allstate" as the real party in interest, is an insurance company doing business in the State of Texas.

5. Defendant **UNITED STATES POSTAL SERVICE** is a governmental agency doing business in the State of Texas and may be duly served with citation and a copy of this Petition by serving its agent for service:

Thomas J. Marshall
General Counsel and Executive Vice President
Of the United States Postal Service
475 L'Enfant Plaza SW
Washington, District Of Columbia 20260-0546.

## C. JURISDICTION AND VENUE

6. Venue of this suit is proper under 28 U.S.C. §1391(a)(1) because a substantial part of the events giving rise to this lawsuit occurred in this district.

7. Pursuant to the provisions of 28 U.S.C (b)(1), the United States District Court has exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

## D. FACTUAL BACKGROUND

8.      At all times material hereto, Plaintiff's insured, Diane Roberts, was the owner of a 2009 Nissan Rouge bearing Vehicle Identification Number (VIN) JN8AS58V89W171203 (hereinafter referred to as "Vehicle" or "Vehicle in question").

9.      On or about March 18, 2015, Plaintiff's insured, Diane Roberts, was getting home at 2842 Tag Lane, New Braunfels, Comal County, Texas, when she noticed that Defendant's postal employee, driving a postal delivery vehicle, was leaving mail in her mailbox.  Ms. Roberts waited until the he was finished delivering the mail and had pulled away, when suddenly and without warning, the postal employee backed up at a high rate of speed and struck the front of her stationary motor vehicle causing personal injuries to her and property damages her vehicle in the total sum of $3,993.29.

10.     Pursuant to an automobile insurance policy in effect for the date of loss, Plaintiff reimbursed Ms. Roberts for the medical expenses incurred by her of $3,003.91, the property damages of $889.37, and the rental expenses in the amount of $100.00, totaling $3,993.29. Plaintiff now seeks reimbursement from Defendant for the damages incurred by its employee.

## D. CAUSES OF ACTION

### Count One – Negligence

11.     Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

12.     Plaintiffs would show that Defendant's employee, at the time of the incident, owed a duty to exercise reasonable, prudent and ordinary care in operating a postal service delivery motor

vehicle. Based on information and belief, Plaintiff would show that the incident and damages arising from this incident were proximately caused by Defendant's driver's negligence by the following:

a) Reversing when unsafe;

b) reversing without warning;

c) failing to make application of his brakes;

d) failing to make timely application of his brakes;

e) failing to make proper application of his brakes;

f) failing to take timely evasive action;

g) failing to keep a proper lookout;

h) failing to keep his vehicle under control on the occasion in question;

i) Otherwise failing to use reasonable care under the circumstances.

13. Each of the above-referenced acts and omissions, either singularly or in combination with others, constitutes negligence on the part of Defendant, which proximately caused the damages suffered by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

## Count 2 – NEGLIGENT ENTRUSTMENT

14. Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

15. Defendant knew or should have known that the driver of the postal delivery truck the caused the subject incident was an unfit driver unable to safely operate the postal delivery truck on the day in question. Consequently, Defendant is liable under the doctrine of *Respondeat Superior.*

15. Defendant is also liable for failing to train and supervise said driver during the course and scope of his duties; including, but not limited to, failing to report the incident.

## E. DAMAGES

16. Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

17. Plaintiffs hereby assert their claims for reimbursement from Defendant for the damages sustained as a result of the motor vehicle accident that occurred on March 18, 2015. Pursuant to insurance policies in effect for the date of loss, Plaintiff compensated its insured, Diane Roberts, for personal injury damages she incurred in the amount of $3,003.91, the property damages of $889.37, and the rental expenses in the amount of $100.00, for the total damages paid of $3,993.29. After allowing for all just and lawful offsets, payments, and credits, continues to be indebted to Plaintiffs in the total amount of $3,993.29.

## F. CONDITIONS PRECEDENT

18. Plaintiffs hereby assert their claims for damages against Defendant as described above. All conditions precedent to Plaintiffs recovery have been performed or have occurred as required. Defendant was notified of this claim at least 60 days prior to the filing of this lawsuit.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** request that Defendant **UNITED STATES POSTAL SERVICE** take notice of the filing of this Original Complaint, be cited to appear and answer herein, and that upon final hearing, Plaintiff recover from Defendant:

   a. A judgment against Defendant for actual damages for negligence and negligent entrustment under the doctrine of *Respondeat Superior* in the amounts pled for herein;

   b. A judgment against Defendant for pre- and post-judgment interest as allowed by law;

c. A judgment against Defendant for all court costs incurred by Plaintiff;

d. A judgment against Defendant for reasonable and necessary attorney fees in accordance with Plaintiff breach of warranty claim; and,

e. A judgment against Defendant for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED.

_____
**LISA CHASTAIN**
Federal I.D. No:   2254645
Susan L. Florence & Associates
1201 Elm St., Suite 5050
Dallas, TX   75270-2104
lchbl@allstate.com
(214) 659-4340
(877) 678-4763 (fax)
*ATTORNEYS FOR PLAINTIFFS*